UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUGO RAMALLO, | ) | CASE NO. 3:15-cv-2084 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHELLE MILLER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the objection of petitioner Hugo Ramallo ("petitioner" or "Ramallo") to the report and recommendation of Magistrate Judge Greenberg (Doc. No. 21 ["R&R"]) to deny petitioner's motion to stay (Doc. No. 16 ["Mot."]), and to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1 ["Petition"]). (Doc. No. 22 ["Obj."].) Respondent Michelle Miller filed a response to petitioner's objection. (Doc. No. 23 ["Resp."].) For the reasons that follow, the petitioner's objections are overruled. The thorough and well-reasoned R&R is adopted in its entirety. Petitioner's motion to stay is denied, and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed.

**A. Standard of Review**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is

dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party.") (emphasis added). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380), (abrogated on other grounds by *Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**B. Analysis of Objections**

The Court has construed plaintiff's objections liberally, as it must for all documents filed by *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by

lawyers"). Even under that liberal standard of review, however, petitioner's objections are insufficient, in that they simply summarize prior arguments and/or assert general disagreement with the magistrate judge's recommendation.

### *Objection to recommendation to deny motion to stay*

With respect to the magistrate judge's recommendation that the motion to stay be denied, petitioner's objection simply consists of directly quoting from his motion and then summarily concluding: "Ramallo has clearly established that there is prescient [sic] to stay the proceedings until such time that all state remedies have been exhausted. For these reasons, Ramallo objects to the findings of the Magistrate Judge and the stay should be granted and this case should be placed on hold until Ramallo has exhausted his state remedies." (Obj. at 988.[1]) Such a generalized objection that merely restates prior arguments is "tantamount to a complete failure to object." *Langford v. Caruso*, No. 11-10219, 2011 WL 3034539, at *2 (E.D. Mich. July 25, 2011) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam)); *Aldrich*, 327 F.Supp.2d at 747. Petitioner comply ignores and fails to address the detailed basis upon which the Magistrate Judge set forth his recommendation. Petitioner's wholly insufficient objection to the magistrate judge's recommendation that the motion to stay be denied is overruled.

### *Objection to recommendation to dismiss habeas petition*

With respect to the magistrate judge's recommendation to dismiss the petition for a writ of habeas corpus, petitioner objects as follows: "Ramallo objects to the Report and

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Recommendation to Dismiss the Petition based on the fact that he has clearly established that there are constitutional rights that have been violated in his criminal conviction as outlined in his Traverse." (Obj. at 989.) The balance of petitioner's objection consists of recapping what transpired before the state trial and appellate courts, and the arguments in the traverse. (*Id*. at 989-96.) His objections, even liberally construed, constitute nothing more than a summary of what has been presented before and a generalized objection to the magistrate's recommendation, and are insufficient under the required standards. *See Aldrich*, 327 F.Supp.2d at 747. Therefore, to the extent that plaintiff raises any "objections," which the Court determines he has not, those objections are overruled.

**C. Conclusion**

The Court has found that plaintiff's objections to the report and recommendation fail to identify any specific objection to law or fact contained in the R&R. Thus, the objections are overruled, and the Court adopts the Report and Recommendation in its entirety. Petitioner's motion to stay is denied, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

Dated: March 28, 2017

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**